JAMES VINCENT AND WIFE v. ALLENDAR S. MOORE.

*Foreclosure—Lien for taxes paid.*

Money paid by the holder of a mortgage to redeem the premises from a tax-sale does not constitute a lien apart from the mortgage, but is discharged when the mortgage is satisfied; and whether the amount paid is or is not included in the sum for which the mortgage is foreclosed, there can be no subsequent or separate proceeding against the mortgager to enforce its payment.

Whatever can be claimed by virtue of a mortgage must be claimed in the foreclosure proceedings; the demand cannot be split and made a basis for separate suits.

Appeal from St. Clair. (Stevens, J.) Oct. 24.—Oct. 24.

BILL to enforce lien. Complainants appeal. Affirmed.

*Julian G. Dickinson* for complainants. Where a mortgage needs to be kept alive to protect the mortgagee's rights, equity will keep it alive as against the mortgager: *Conn.*

*Mut. L. Ins. Co. v. Bulte* 45 Mich. 113 (and see brief of defendant in error in that case, and cases cited, p. 116); *Jackson v. Evans* 44 Mich. 510 ; *French v. DeBow* 38 Mich. 708 ; *Powers v. Golden Lumber Co.* 43 Mich. 468 ; payment of a tax to protect the mortgagee's interest in the land, is such a charge upon the land as is redemption money paid to take up a prior mortgage: 2 Dan. Ch. Pr. 1245 ; 2 Jones on Mortgages §§ 1137–1683.

*Atkinson & Stevenson* for defendant. A mortgage and all rights under it are exhausted by the foreclosure sale : *Walton v. Hollywood* 47 Mich. 385.

COOLEY, J. The bill in this case appears to be filed to enforce the payment of a sum of money which complainants paid to redeem from a tax sale certain lands belonging to defendant, and upon which complainants, at the time of redemption, held a mortgage. The redemption, it is assumed, was made for the protection of the mortgage ; but complainants went on afterwards and foreclosed the mortgage under the power of sale, taking no notice of what they had paid for taxes and making no claim for the amount. The land was sold in the foreclosure proceedings, and bid in for the amount of the mortgage debt, and defendant redeemed from that sale. This suit was then instituted. We think there is no foundation for it. What complainants were compelled to pay for the protection of their mortgage did not constitute a separate and independent lien on the land ; it could become a lien only in connection with and because of the mortgage, and could not exist independent of it. When therefore complainants took proceedings which resulted in a satisfaction of the mortgage, any lien which may have existed before for the taxes paid was necessarily discharged, whether the amount paid was claimed in those proceedings or not. All that complainants could claim by virtue of the mortgage they were bound to claim in those proceedings, and they could not at pleasure split up their demand and make the parts the subjects of separate suits.

The decree must be affirmed with costs.

The other Justices concurred.