BURKE v. GUILFORD MORTGAGE CO.
No. 13186.

Court of Civil Appeals of Texas. Dallas.
April 3, 1942.

Rehearing Denied May 1, 1942.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

Geo. T. Burgess, of Dallas, for appellee.

BOND, Chief Justice.

On May 23, 1929, G. W. Luttrell and wife, A. L. Luttrell, executed and delivered to Federal Mortgage Company two promis-

sory notes, one for the sum of $5,000 and the other, an interest note, for $982.50, each payable in monthly installments in various amounts, beginning on the first day of July next after the date thereof and running over a period of 144 months, and providing for interest as therein computed, and, in case of default, 10% attorney's fees. The notes further provide for acceleration of maturity, of unpaid principal, interest and attorney's fee, in case of failure to pay any installment when due, at the election of the holder thereof. Simultaneously with the execution of said notes, Luttrell and wife executed to the mortgagee's trustee a deed of trust to secure said indebtedness on two certain described lots in the City of Dallas, Texas. The deed of trust, in addition to the usual provisions in such instruments for sale of the security, creation of the lien, payment of insurance premiums and taxes, provides: "that the trustee or the legal holder of said indebtedness may pay all taxes, insurance, and assessments of whatever nature that may from time to time fall due and be unpaid on said premises * * * which payments shall be secured by these presents against said property."

On November 6, 1930, G. W. Luttrell died intestate, and, in August, 1932, his widow, Mrs. A. L. Luttrell, was, by the Probate Court of Dallas County, Texas, duly appointed administratrix of his estate, qualified and continued to act as such administratrix until her death on December 15, 1934, when appellant, Thomas G. Burke, was duly appointed administrator de bonis non and immediately thereafter qualified as such by taking the oath and giving bond as required by law.

On January 31, 1939, the Guilford Mortgage Company presented its claim to Administrator Burke for allowance, expressly designating it as a preferred debt and lien against the specific property described in the aforesaid deed of trust, and be paid according to the terms of the contract securing the indebtedness. The claim is based upon the unpaid principal of $4,408.55 of the aforesaid $5,000 note and the principal of the $982.50 note, which had been duly assigned to it, with interest, as therein provided, from October 30, 1931, and 10% of the total of said principal and interest as attorney's fees; and further, for the sum of money advanced in payment of taxes and insurance in the sum of $689.05, with 6% interest as provided in the deed of trust. The administrator, Burke, rejected the claim on the ground that it was dormant under Art. 3522, R. S.1925, and also barred by the four-year statute of limitation, Art. 5527; resulting in the claimant, on March 17, 1939, instituting this suit in a district court of Dallas County, Texas, to establish the claim as a preferred debt and lien against the secured property and be paid by the administrator, in accordance with the terms of the notes and deed of trust.

The cause was tried to a jury and at the conclusion of the testimony, the trial court peremptorily instructed a verdict in favor of the claimant, Guilford Mortgage Company, for the principal sum of $4,408.-55, with interest at the rate of 9.3% from October 30, 1931, with 10% of the principal and interest as attorney's fees, and for the sum of $689.05, money advanced for insurance and taxes, with 6% interest thereon from January 1, 1937. Accordingly, the trial court entered judgment establishing the claim as a valid debt against the estate of G. W. Luttrell, computed at $8,868.05, as being the amount, principal, interest and attorney's fees, due and owing on the notes; and $689.05 as being the amount of premiums and taxes paid, with interest; and that the deed of trust a valid and subsisting lien on the specific property described therein, to secure the note indebtedness and the taxes advanced in the sum of $512.86; and that the insurance premiums, in the sum of $266.51, be a valid, unsecured debt against the estate of G. W. Luttrell to be paid in due course of administration.

The primary question involved in this appeal is, whether the administrator de bonis non was justified in rejecting appellee's claim on the ground that it was dormant, in that the claimant had failed to institute suit against Mrs. A. L. Luttrell, administratrix of the estate, within ninety days after she had rejected the claim in 1932; to establish the debt and lien as a matured claim against the estate of G. W. Luttrell in a court of competent jurisdiction as required by Art. 3522; and further, on the ground that in 1932 the claimant having exercised the option to accelerate the maturity of said note in default of payment of installments, as hereinafter related, the notes were barred by the four-year statute of limitation, Art. 5527.

Article 3515a, Vernon's Ann.Civ.St., regulating secured claims against estates of deceased persons, extends to claimants preferential right to have their claim classified (a) "as a matured secured claim to be paid in due course of administration, * * *"; or (b) "fixed as a preferred debt and lien against the specific property securing the indebtedness and paid according to the terms of the contract which secures the lien, * * *". The exercise of such preference is, in terms of the statute, determinable by the nature of the claim presented and the affidavit attached thereto; Art. 3516 provides that when a claim against an estate is presented to the executor or administrator, properly authenticated, he shall endorse thereon or annex thereto a memorandum in writing signed by him, stating the time of presentation, and that he allows or rejects the claim, or what proportion thereof he does allow, or rejects; Art. 3517 provides that the failure of such executor or administrator to endorse or annex such memorandum to the claim, "such failure shall operate as a rejection of the claim, and shall authorize the claimant to bring suit to establish it, as if such claim had been rejected; and such executor or administrator shall be removed on the complaint of any person interested in such claim, after being cited to appear and answer such complaint, and upon proof of such failure."; and Art. 3522 provides: "When a claim for money against an estate has been rejected by the executor or administrator, either in whole or in part, the owner of such claim may, within ninety days after such rejection, and not thereafter, bring suit against the executor or administrator for the establishment thereof in any court having jurisdiction of the same."

The evidence is uncontroverted:

On or about August 17, 1932, there was presented to Mrs. A. L. Luttrell, the then administratrix of the estate of G. W. Luttrell, deceased, a secured claim in the sum of $5,241.99 evidencing the amount due to Guilford Mortgage Company by reason of the unpaid principal, interest and attorney's fees, of a note indebtedness of $5,000, and deed of trust executed by G. W. Luttrell and A. R. Luttrell, dated May 23, 1929, being the same indebtedness as was presented by the Guilford Mortgage Company to the administrator, Burke, on January 31, 1939, which is involved in this suit; except the added insurance premiums and taxes subsequently paid by the claimant. The claim shows on its face that it was signed and sworn to by A. Y. Banks, President of Guilford Mortgage Company, before Margaret V. Collins, a notary public, Dallas County, Texas, and bears all the essential prerequisites for the claimant to exercise the statutory preference to have it classified, allowed and approved by the administratrix "as a matured secured claim to be paid in due course of administration," as provided by Sub. (a), § 1, of Art. 3515a. The claim was drafted in the office of the Guilford Mortgage Company, signed and sworn to by its President before the Company's notary public, delivered to Mr. John F. Murphy, the general attorney for the Company, and soon thereafter presented to the administratrix, Mrs. A. L. Luttrell, by a Mr. F. D. Reach, the outside collecting agent of the Guilford Mortgage Company. The claim shows on its face that it had not been expressly approved or rejected by the administratrix, and there was no endorsement thereon or memorandum annexed thereto, as required by Art. 3516, R.S.

In consequence of the failure of the administratrix to approve or reject the claim as presented, the Guilford Mortgage Company, on October 3, 1933, instituted a suit in the Probate Court of Dallas County under Art. 3517, supra, asserting therein that it had an interest in the claim presented to the administratrix, and complaining of the administratrix's failure to act thereon; and sought to have the administratrix removed and her letters of administration revoked because of such failure. In response thereto, the administratrix answered by general demurrer, general denial, and affirmatively sought to have the suit dismissed for lack of merit. The record shows that no action was ever taken by the probate court on claimant's suit.

Appellee contended in the court below, and urges here, that the evidence is insufficient to show that the claim of 1932 was ever authoritatively presented. Manifestly Reach's authority is not shown by merely his acts or words, without further proof, to bind his Company (National Debenture Corporation v. Smith, Tex.Civ. App., 132 S.W.2d 429); and if that was the extent and weight of the proof offered, clearly it alone would be insufficient to show any authoritative presentment of the claim. We think that his act in delivering the claim to the administra-

trix has little more weight than the use of the United States mail or express messenger, had such been used to convoy the claim. However, Mr. Reach was an entrusted agent of the Company, and so far as this record discloses, he is still in the Company's employ. He did not testify in this case, nor did anyone connected with the Company testify that he was not authorized to present the claim, thus it may well be presumed that Reach had authority to present the claim to the administratrix. Be that as it may, the indulgence of such legal presumption is not necessary in this case to bind the Company.

As related above, the claim was prepared, in form, by Mr. John F. Murphy, general attorney for the Guilford Mortgage Company, since deceased; it was signed and sworn to by A. Y. Banks, President of the Company, before Miss Collins, a notary public, and delivered to Mr. Murphy. Miss Collins testified that to the best of her recollection, Mr. Murphy delivered the claim to one of the Company's representatives, an outside man, for delivery to the administrator, but she could not say definitely whether it was Mr. Reach, but in the usual course of business, she said, he would have been the man to deliver the claim to Mrs. Luttrell, the administratrix. Mr. A. G. Luttrell, son of W. G. and A. L. Luttrell, testified that in August, 1932, shortly after the date (August 12, 1932) of the claim in question, he saw Mr. Reach deliver the claim to his mother, and thereafter his mother took the claim to her attorney, Mr. Burke. Mr. Burke testified that he had been Mrs. Luttrell's attorney since her appointment in August, 1932, and that the claim in question was, on August 17, 1932, turned over to him by the administratrix. He was then asked: "Do you know whether or not Mrs. Luttrell ever executed any instrument in writing on defendant's Exhibit 3 (the 1932 claim in question) or annexed thereto any memorandum in writing, allowing that claim? A. I know she did not."

The evidence further shows that on August 3, 1933, the Guilford Mortgage Company, by John F. Murphy, its attorney, filed in the Probate Court of Dallas County, Texas, in cause No. 13704, Estate of G. W. Luttrell, Dec'd., a petition for suit, reciting in detail the note indebtedness—principal, interest and attorney's fee—and the deed of trust given to secure the same, and attached thereto, as an exhibit, a copy of the note as further evidence of the claim; and, then the claimant alleged: "Your petitioner further represents to the court that default has occurred in the payment of said note and that your petitioner, on the 17th day of August, 1932, presented its claim to Mrs. A. L. Luttrell, Administratrix of the Estate of G. W. Luttrell, Deceased, in the sum of Five Thousand, Two Hundred Forty-one and 99/100 ($5,241.99) Dollars, due by reason of principal, interest and attorney's fee on the hereinbefore described obligation, but that said Administratrix has not acted upon said claim, nor has she, the said Mrs. A. L. Luttrell, complied with the provisions of Article 3537, Revised Civil Statutes of the State of Texas. * * *."; reciting the provisions of the statute, relative to claims, and then it concludes by praying for the removal of Mrs. Luttrell as administratrix and that her letters be revoked.

The evidence, we think, is conclusive leaving no ground on which reasonable minds may differ, that in 1932, appellee, Guilford Mortgage Company, duly presented to the administratrix of the G. W. Luttrell estate its claim, evidencing the same note and mortgage indebtedness as subsequently presented to Administrator Burke for his approval. Such being true, under the express terms of the statutes, supra, the claim was, in effect, rejected by the administratrix; and, the claimant having failed to institute suit, within ninety days after such rejection, in a court of competent jurisdiction, the claim became dormant, hence barring the approval of and suit on the same claim subsequently presented. Furthermore; the claimant having exercised its option to accelerate the maturity of the note indebtedness by presenting its claim to the administratrix in 1932, as a matured claim under Subd.(a), § 1, Art. 3515a, for default in payment of principal, interest and accelerated attorney's fees, as provided in the note and deed of trust; and the bringing of the suit to establish the first indebtedness as a matured claim, the note became barred by the four-year statute of limitation.

It will be observed from the claim last presented (January 31, 1939) that the claimant, Guilford Mortgage Company, included $251.81 for insurance premiums and $563.95 for taxes, which it had paid subsequent to the date of its claim of 1932, with a general credit of $123.71. The credit must be applied to the first item of indebted-

ness—the insurance premiums—in the absence of request to the contrary, leaving the claim of $128.10 for insurance and $563.95 for taxes. Of these items the claimant paid $83.92 of the insurance premiums and all of the taxes within four years next prior to the presentment of its claim for allowance. Therefore, under the express terms of the deed of trust extending a matured debt and lien against the property described in the deed of trust for all taxes, insurance and assessments, and, the property being the homestead of Luttrell and wife, exempt from the contractual insurance lien (Const.Art. 16, § 50; Vernon's Ann.St.) the judgment of the trial court should have been in favor of appellee, Guilford Mortgage Company for only the $563.95 taxes, with 6% interest thereon from date of payment (March 15, 1935), as a preferred debt and lien against the property described in the deed of trust and be paid according to the terms of the contract; and for $83.92, insurance item, with 6% interest thereon from date of its payment (January 10, 1936), as a matured debt and be allowed, classified and paid in due course of administration.

Accordingly, the judgment of the court below is reformed and as reformed, affirmed, and the trial court directed to enter judgment in accordance with our decision and certify the same to the Probate Court of Dallas County, Texas, for observance. All cost on appeal taxed against appellee.

### On Rehearing.

Appellant and appellee filed motions for rehearing which challenged our conclusions adverse to their respective contentions. We do not recede from our holdings, that the evidence is conclusive that appellee's claim for money, based upon principal, interest and attorney's fees of the note indebtedness, was, perforce of Art. 3517 and Art. 3522, a barred debt. The "claim for money" was extinguished by the failure of the claimant to bring suit against the administratrix for the establishment thereof within 90 days after it was rejected..

It is urged by appellee that there is no evidence offered showing that the claim of 1932 was ever presented to the administratrix for "her action" thereon, hence, in absence of proof, it will not be presumed that the claim was presented for her action to effect its extinguishment. Art. 3516, R.S. expressly provides that, "When any claim for money against an estate is presented to the executor or administrator, properly authenticated, he shall indorse thereon * * * that he allows or rejects the claim, or what portion thereof he allows or rejects, as the case may be." In this case the claimant presented its claim against the Luttrell Estate, properly authenticated under Art. 3514 "that the claim is just and that all legal offsets, payments and credits known to affiant have been allowed." We think that when the claim was presented, without more, necessarily the implication then arose that it was presented for the action of the executor or administrator, as contemplated by the statute. What other purpose could the claimant have had except to secure action of the administratrix to approve or reject the claim? The claimant evidently recognized the purpose when it filed suit to remove the administratrix, in which it alleged that "* * * on the 17th day of August, 1932, presented its claim to Mrs. A. L. Luttrell, Administratrix of the Estate of G. W. Luttrell, deceased, * * * but that said administratrix has not acted upon said claim, nor has she, the said Mrs. A. L. Luttrell, complied with the provisions of Article 3537, Revised Civil Statutes of the State of Texas * * *." This allegation is the recital of an evidentiary fact, and while the administratrix entered a general demurrer and denial to the petition, such did not extinguish the written admission of such fact; the general denial "put the same in issue" (Art 2006, R.S.), and to avoid the admission, put the claimant to the task of proving that the claim was not presented to the administratrix for her action.

In the light of the affidavit attached to appellee's claim of 1932, we cited in our original opinion Subd. (a), § 1, Art. 3515a Vernon's Ann.Civ.St., which we concluded became a rule of probate procedure, evidencing the election of the claimant to have its claim classified and allowed as a matured claim. On further investigation, it seems that our Supreme Court, in Laubhan v. Peoria Life Ins. Co., 129 Tex. 225, 102 S.W.2d 399, has definitely held that this statute having been passed in 1931, subsequent to the date of the contract, as in this case, it could not be given a retroactive effect, and, in consequence, the holder of the secured claim could proceed only under the probate procedure as it existed at the time of the making of the contract, that is, to have the contractual obligation performed,

when classified in due course of administration, as a class claim to which it belonged. The presentment of the claim for allowance was not the only evidence of the maturity thereof, as might well be inferred from the statute. We are not relegated to the statute in holding that the claim was presented to the administratrix as a matured claim for money against the estate. As stated in our original opinion, the notes evidencing the claim were payable in monthly installments, in various amounts, beginning on the first day of July next after May 23, 1929 (the date of the notes) and running over a period of 144 months; and the notes further provide for acceleration of maturity of unpaid principal, interest and attorney's fees, in case of failure to pay any installment when due, at the election of the holder thereof. The claim on its face shows that the claimant, as the holder of the notes, exercised the option in accordance with the terms of the notes, and sought the collection of the full amount of 10% attorney's fees because of the default in payments; thus we think, aside from the statute, the claim as presented shows that, on August 17, 1932, the notes had become a matured obligation, starting at that time the four years' statute of limitation (Art. 5527), and, aside from that, the claim having been presented for allowance and not acted upon by the administratrix, and no suit having been filed to establish it, as required by law, the claim for money was extinguished and could not thereafter be revived.

In our original opinion, because of the failure of the administratrix to approve the claim, and the claimant to institute suit within the time prescribed by law, we used the term, as being applicable to the claim, that it had become "dormant". It was not our intention to hold that the "claim for money," evidenced by the notes, became "dormant"—that is, in a state of rest or inactivity, which could be subsequently revived. The claim, as shown from our opinion, was barred by the lapse of time, in so far as the rights of the claimant against the estate of G. W. Luttrell were concerned; but, we do not think it is within our province to say that the notes and deed of trust wholly lost their vitality against Mrs. A. L. Luttrell's estate, or her heirs or legatees who may have acquired the property encumbered by the deed of trust and notes signed by Mrs. Luttrell; nor do we think that the deed of trust, expressly authorizing, empowering and, in effect, requesting the mortgagee's trustee, or the legal holder of the notes, to pay all taxes, insurance, and assessments of whatever nature that may from time to time fall due and be unpaid on said premises, bars enforcement of the payments thereof, made in accordance with the terms of the deed of trust. It will not be presumed that the payer of the taxes and insurance premiums, over a period of many years after the note indebtedness became barred, was a volunteer; it is more in consonance to reason that the taxes and insurance were paid under the deed of trust provisions. The mere fact that the debt was barred does not, in our opinion, make against the deed of trust lien securing the taxes and insurance subsequently paid. The deed of trust was a valid subsisting authorization for such payments. In the case of Stone v. Tilley, 100 Tex. 487, 101 S.W. 201, 202, 10 L.R.A., N.S., 678, 123 Am.St.Rep. 819, 15 Ann.Cas. 524, opinion by Judge Brown for the Supreme Court, cited by appellant, presents a different question: In that case, the deed of trust and all rights thereunder had been foreclosed; hence the opinion quotes from Vincent v. Moore, 51 Mich. 618, 17 N.W. 81: "What the complainants were compelled to pay for the protection of their mortgage did not constitute a separate and independent lien on the land. It could become a lien only in connection with and because of the mortgage, and could not exist independent of it. When, therefore, complainants took proceedings which resulted in a satisfaction of the mortgage, any lien which may have existed before for taxes paid was necessarily discharged, whether the amount paid was claimed in those proceedings or not." Such is not the case at bar: The claimant's mortgage notes were never paid and the deed of trust never extinguished. The contractual rights in the deed of trust were voluntarily exercised in the payment of taxes and insurance subsequent to the presentment of the 1932 claim, therefore, were not available at the time the claim was presented, as a claim against the estate. Whatever fact or circumstance may have prompted the payment of taxes and insurance is not revealed by this record; hence the courts must assume that such were paid in accordance with the terms of the deed of trust.

We find no merit in the motions for rehearing; accordingly, they are overruled.