E. W. BAILEY ET ALS. *v.* GROTON MFG. CO. ET ALS.

PETITION OF WOODSVILLE GUARANTY SAVINGS BANK.

May Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 5, 1943.

*E. H. Deavitt* for Woodsville Guaranty Savings Bank and George C. Bailey.

*George L. Hunt* for George C. Bailey.

*Sterry R. Waterman* for Executrix of Estate of C. J. Bailey, Receiver.

*E. M. Harvey* for Groton Mfg. Co. and Receivers.

*Witters & Longmore* for Citizens Bank.

*Deane C. Davis* for George H. Hight.

*Wilson & Keyser* for Eastman, Frost, Evans, and Donald, individually and as admx. of Johnson Estate.

*F. Ray Keyser pro se* as Administrator.

MOULTON, C. J. The Groton Manufacturing Company, a corporation, is now and has been for some years past in the hands of a receiver, appointed by the Court of Chancery upon the application of certain of its creditors. The Woodsville Guaranty Savings Bank, hereinafter called the petitioner, a creditor holding mortgages upon the real estate of the insolvent corporation, was made a party defendant in the receivership proceedings, and filed its cross bill seeking a foreclosure, alleging an insufficiency of the security and praying by way of affirmative relief that, upon failure to redeem within the alloted period, the court should order a sale of the mortgaged properties to determine their value and that the petitioner should be admitted as a general unsecured creditor for such deficiency as might be found to exist. The decree of foreclosure was duly entered and the time allowed for redemption expired, whereupon the petitioner filed a written motion that "a sale of all said premises and property may now be had under orders of this Court to determine the value thereof, or that the value of the property may be ascertained by this Court in some other manner, and that upon said sale or ascertainment of value the Woodsville Guaranty Savings Bank may be admitted as an unsecured creditor of the Groton Manufacturing Company to the extent of such deficiency of security to participate in the general assets of said Groton Manufacturing Company."

The receiver moved to dismiss the foregoing motion upon three

grounds: (1) that the petitioner, having foreclosed its mortgage and obtained a decree of foreclosure, had no legal authority to obtain a deficiency decree; (2) that the court was without authority, statutory or otherwise, to order a sale for the purpose of establishing the value of the property; and (3) that the court had no authority to admit the petitioner as an unsecured creditor to the extent of any deficiency.

The motion to dismiss was denied by the Chancellor and the receiver excepted to the ruling.

■ Obligations secured by mortgage are not extinguished by foreclosure proceedings and decree unless the mortgaged property is sufficient for this purpose. If the security is less in value than the amount of the decree the payment is *pro tanto*. *Northfield Nat'l Bank* v. *Ellis Granite Co.*, 100 Vt 11, 20, 134 A 595; *Calkins* v. *Clement*, 54 Vt 635, 638; *Devereaux and Meserve* v. *Fairbanks*, 52 Vt 587, 590; *Paris* v. *Hulett*, 26 Vt 308, 311; *Austin* v. *Howe*, 17 Vt 654, 656; *Thomas* v. *Warner*, 15 Vt 110, 113; *Steward* v. *Downer*, 8 Vt 320, 323; *Lovell* v. *Leland*, 3 Vt 581, 587. If, therefore, there is a deficiency here, the petitioner is to that extent an unsecured creditor of the Groton Manufacturing Company, and as such is entitled to share in the general assets of the insolvent corporation.

■■ Ordinarily, because a decree of foreclosure is not a personal judgment against the mortgagor for the sum found to be due under the mortgage, a mortgagee must recover the excess of the debt above the value of the mortgaged premises in an action at law. *Smith* v. *McDonald*, 56 Vt 305, 307. This rule, however, is not necessarily applicable under the present circumstances. The court of chancery having appointed the receiver and having jurisdiction to decide all questions incident to the preservation, collection and distribution of the assets of the insolvent corporation (*Riehle* v. *Margolies*, 279 US 218, 223, 49 S Ct 310, 312, 73 L Ed 669), may, in its discretion, decide whether it will itself determine the validity and amount of the claims of creditors (which in this case would involve the ascertainment of the value of the mortgaged property) or leave these issues to be resolved in another court. *Porter* v. *Sabin*, 149 US 473, 479, 13 S Ct 1008, 37 L Ed 815, 818; *Attorney General* v. *American Legion of Honor*, 196 Mass 151, 157, 81 NE 966.

■ It was held in *Gates* v. *Adams,* 24 Vt 70, 74, that "under our practice (in foreclosure) a sale of the premises is never decreed," although, according to *Roberts* v. *Hughes,* 86 Vt 460, 462, 85 A 982, 983, "a foreclosure sale is not wholly unknown in this State though strict foreclosure is the rule here." The decree in the present case was for a strict foreclosure, which has become absolute, thus resting the title to the premises in the petitioner. Under these circumstances there is neither statutory authority nor precedent for an order of sale, although the court of chancery has jurisdiction to ascertain the value in "some other manner," as the petitioner has requested. But, since a mortgagee, after the decree of foreclosure has expired, is regarded as a purchaser in satisfaction, wholly or in part, of his debt (*Lovell* v. *Leland,* 3 Vt 581, 587; *Woodstock Bank* v. *Lamson,* 36 Vt 118, 122) the value of the property is to be determined as of the day upon which the decree became absolute.

What we have said disposes of the issues presented by the receiver's exception to the denial of the motion to dismiss, which are all that are now before us.

*Judgment affirmed and cause remanded.*