ALDIS C. HEWEY ET UX *v.* HENRY H. RICHARDS ET ALS.

(80 A2d 541)

February Term, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed May 1, 1951.

*P. C. Warner* for the plaintiffs.

*Joseph S. Wool* and *George L. Agel* for the defendants.

■ ADAMS, J. This is an action of contract. Trial was by court without a jury. Findings of fact were made and judgment was rendered for the defendants. The case is here on the plaintiff's exceptions thereto. The question thus presented is whether the judgment is supported by the findings. *Caledonia National Bank* v. *McPherson,* 116 Vt 328, 75 A2d 685.

The findings show the following material facts: In September, 1948, the plaintiffs brought foreclosure proceedings against the defendants upon a mortgage given by the defendants to the plaintiffs upon certain land and buildings in the town of Milton. The clerk's report fixed the amount due on the note secured by the mortgage including interest as of November 9th, 1948, in the sum of $1181.32. No part of this sum included taxes. A decree was entered in favor of the plaintiffs dated November 9th, 1948, in which the defendants were given one year to redeem the property by paying the foregoing amount with the costs and interest from November 9th, 1948. The defendants did not redeem and a certified copy of the decree was filed in the town clerk's office on December 1st, 1949. On November 29th, 1949, after the decree became absolute, the plaintiff, Aldis

Hewey, paid to the tax collector of Milton the taxes for the years 1948 and 1949, including costs of collection, the sum of $304.45. The mortgage was conditioned for the payment of taxes on the premises.

This suit is brought to recover the taxes so paid. The declaration is in common counts with specifications.

The plaintiffs rely upon the case of *Noyes & Smalley* v. *Rockwood & Spooner,* 56 Vt 647. That case was a suit on a note which was one of several secured by a real estate mortgage. The mortgage had been foreclosed but the note in question had been withheld from the foreclosure proceedings and the amount due in those proceedings did not include the amount of that note. The court held that the mortgagee had waived any right to pursue the mortgaged premises under the mortgage for the payment of the note and that the note thereafter stood unaffected by the mortgage. The plaintiffs were entitled to maintain a separate suit on the note. The plaintiffs here say it follows, as the mortgage in the instant case was conditioned for the payment of taxes by the mortgagors, that when they accrued and were paid by the mortgagees, even after the decree became absolute, a separate cause of action arose for their recovery and there developed the same situation as when there are several notes given by the mortgagor and the mortgage is given and conditioned for their payment.

Claims for taxes must be enforced as a part of the mortgage debt and not by an independent action against the mortgagor as for money paid to his use. Whether the amount paid is or is not included in the sum for which the mortgage is foreclosed, no subsequent or separate proceeding can be maintained against the mortgagor to enforce its payment. Wiltsie, Mortgage Foreclosure, 5th Ed. § 552.

The amount paid for taxes by the mortgagee on property upon which he holds a mortgage together with the amount due upon the mortgage, constitutes but a single and indivisible demand, existing only by virtue of the mortgage. It is collateral and subordinate thereto. It cannot be separated and collected in a separate action. It depends upon the relationship of mortgagor and mortgagee. Such payment by the mortgagee does not create a lien or liability apart from that of the mortgage. *Hillsborough Inv. Co.* v. *City of Tampa,* 149 Fla 7, 5 S2d 256; *Wood* v. *Scott,* Texas Civ App, 48 SW2d 1024; *Johnson* v. *Payne,* 11 Neb 269, 9 NW 81; *Horrigan* v. *Wellmuth,* 77 Mo 542; *Hitchcock* v. *Merrick,* 18 Wis 375; *Northern*

*Finance Co.* v. *Byrnes,* 5 F2d 11; *Citizens Sav. Bank & Guaranty Loan Co.,* 62 RI 448, 6 A2d 688, 123 ALR 1236; *Vincent* v. *Moore,* 51 Mich 618, 17 NW 81; 37 A. Jur Mortgages, § 528; 41 C. J. Mortgages p. 639, n. 39; 59 C.J.S. Mortgages, § 325, p. 443; Annotations, 10 LRANS 679; 84 ALR 1387; 123 ALR 1256.

V. S. 47, § 1344 provides that a tax assessed upon mortgaged real estate may be paid by the mortgagee and shall thereupon become part of the debt or obligation secured by the mortgage. It is provided in some states by statute that the amount of taxes paid by the mortgagee shall constitute a lien and be collectible with the mortgage debt. But a mortgagee by paying such taxes does not acquire a right of action against the owner of the equity of redemption as for money paid for his own use. Jones on Mortgages, 7th Ed. § 1080. For cases from other jurisdictions having statutes similar to ours, that are in accord with the foregoing statement see, *First Carolinas Joint Stock Land Bank* v. *McNiel,* 177 SC 332, 181 SE 21; *Gilmour* v. *First National Bank of Central City,* 21 Colo App 301, 121 P 767; *Spencer et al* v. *Levering et al,* 8 Minn 461.

In the instant case the payment of taxes by the mortgagors was only a condition of the mortgage and incident thereto. Any amount paid for taxes while the mortgage was outstanding would become a part of the debt by virtue of the condition and also by virtue of the statute and be thereby secured by the mortgage. That did not make the payment of the taxes after they had been paid by the mortgagees a separate, independent and personal obligation of the mortgagors to the mortgagees like one of several notes signed by the mortgagors which the mortgage secured as in the case of *Noyes* v. *Rockwood, supra.* This is all the more true where, as here, the taxes which the plaintiffs seek to recover were paid after the mortgage had been foreclosed, the period of redemption had expired and the relationship of mortgagor and mortgagee had ceased. The Noyes case is not in point and does not sustain the position of the plaintiffs.

If it be said that the plaintiffs are attempting in this action to collect, as a part of the mortgage debt, the taxes which they paid, their position is no better.

A mortgagee, after the decree of foreclosure has become absolute, is regarded as a purchaser in satisfaction, wholly or in part, of his mortgage debt. *Lovell* v. *Leland,* 3 Vt 581, 587; *Paris* v. *Hulett,* 26 Vt 308, 311; *Woodstock Bank* v. *Lamson et al,* 36

Vt 118, 122; *Devereaux & Meserve* v. *Fairbanks,* 52 Vt 587, 590; *Calkins* v. *Clement,* 54 Vt 635, 638.

Obligations secured by a mortgage are not extinguished by foreclosure proceedings and decree unless the mortgaged property is sufficient for that purpose. If the security is less in value than the amount of the decree the payment is *pro tanto.* *Bailey* v. *Groton Mfg. Co.,* 113 Vt 288, 290, 34 A2d 182, and cases cited. Mortgaged premises when taken under a decree of foreclosure *prima facie* satisfy the mortgage debt. Ordinarily the excess of the debt above the value of the mortgaged premises can be recovered only in an action at law on the debt. *Smith* v. *McDonald,* 56 Vt 305, 307, and cases cited. See also *Bailey* v. *Groton Mfg. Co., supra,* at 290. The value is to be determined as of the day upon which the decree becomes absolute. *Bailey* v. *Groton Mfg. Co., supra,* at 291.

The taxes which the mortgagees paid and which they seek to recover here were a lien upon the mortgaged premises at the time the decree became absolute. The amount thereof could, therefore, have been taken into account in determining the value of the property as of that date.

When a mortgagee seeks to recover an unsatisfied balance, after foreclosure proceedings, the burden is upon him to show to what extent the mortgaged property was insufficient to pay the indebtedness. *Northfield National Bank* v. *Ellis Granite Co.,* 100 Vt 11, 20, 134 A 595. The insufficiency is to be determined like any other question of fact. That means in a case heard by the court like this the plaintiff must procure a finding as to the insufficiency. There is no finding of that nature here. Assuming, without deciding, that this proceeding was properly brought on common counts with specifications so that a recovery for the taxes paid by the mortgagees could be had as a part of the mortgage debt, it fails for the lack of such a finding.

The judgment is supported by the findings. There is no error. *Judgment affirmed.*