### United Savings Bank v. Edward C. Barber

[375 A.2d 993]

No. 67-77

Present: **Daley, Larrow, Billings, and Hill, JJ., and Smith, J. (Ret.), Specially Assigned**

Opinion Filed June 7, 1977

*Weber, Fisher, Perra & Gibson*, Brattleboro, for Plaintiff.

*Robert Grussing, III,* and *Michael J. Hertz,* Brattleboro, for Defendant.

**Daley, J.**   The plaintiff United Savings Bank brought a civil action in Windham Superior Court seeking a deficiency judgment against the defendant Barber, a co-maker of a promissory note secured by a mortgage. The defendant moved to dismiss the cause on the ground that the plaintiff had failed during the course of the prior mortgage foreclosure proceedings to seek or obtain leave to pursue a deficiency judgment against him. The superior court, concluding that the plaintiff was estopped from bringing the deficiency judgment proceeding, granted the defendant's motion to dismiss. The superior court's order is the subject of this appeal.

The complaint brought by the plaintiff alleged that in January, 1973, the United Savings Bank, at that time the Shelburne Falls Savings Bank, loaned the sum of $112,000.00 to the Snow House Corporation. This Vermont corporation in return executed and delivered to the bank a promissory note equal to the amount of the loan. The note was secured by a mortgage deed to certain real estate in the Town of Dover, Vermont. In September, 1974, following default by both the corporation and the appellee Barber, an action for foreclosure was brought by the bank. Title to the real estate became vested in the bank following the issuance of the decree of foreclosure by the superior court and the expiration of the redemption periods. The redemptive rights enjoyed by the parties to the foreclosure proceeding were not exercised within the prescribed periods of time. Thereafter, in July, 1976, the United Savings Bank brought an action in superior court to recover from the appellee Barber a claimed deficiency in the amount of $43,426.76.

It has long been the controlling law in this jurisdiction that "[o]bligations secured by a mortgage are not extinguished by foreclosure proceedings and decree unless the mortgaged property is sufficient for that purpose." *Hewey* v. *Richards,* 116 Vt. 547, 551, 80 A.2d 541 (1951). Where such an insufficiency or deficiency can be demonstrated, a personal judgment for the balance may be sought and secured by the mortgagee. *Hill* v. *Hill,* 59 Vt. 125, 130, 7 A.468 (1886). See also 3 R. Powell on Real Property § 467 (1966). This doctrine can be traced to the early

decision of *Lovell* v. *Leland*, 3 Vt. 581 (1831) and has been adhered to by this Court in ensuing decisions involving interpretation of the doctrine; *e.g.*, *Paris* v. *Hulett*, 26 Vt. 308 (1854); *Northfield National Bank* v. *Ellis Granite Co.*, 100 Vt. 11, 20, 134 A. 595 (1926); *Bailey* v. *Groton Manufacturing Co.*, 113 Vt. 288, 290, 34 A.2d 182 (1943). The arguments of the defendant Barber in support of the superior court's order raise questions not only as to the procedural requirements of the *Lovell* v. *Leland* doctrine, but also challenge the present merits of the doctrine itself.

The defendant urges this Court, in view of the purported harshness of the strict foreclosure remedy employed in this jurisdiction, to overrule *Lovell* v. *Leland* and its progeny and prohibit the recovery of deficiency judgments following foreclosure. The changing nature of mortgage theory and the expanded utilization of mortgages as investment devices are cited as factors which should compel this court to adopt the appellee's position. His arguments are based solely upon policy considerations and, in large measure, reflect the arguments of commentators upon this subject; *e.g.*, 3 R. Powell on Real Property § 468 (1966). However, upon due consideration, it is the view of this Court that the merits of the position advanced by the defendant are more properly for the consideration, evaluation and resolution by the legislative forum than by the judiciary. Our opinion is in part due to the recognition that the Vermont General Assembly has in the recent past enacted specific legislation dealing with strict foreclosure. Act No. 47, § 1 (1973) (codified at 12 V.S.A. § 4531) and Act No. 226, § 1 (Adj. Sess. 1973) (codified at 12 V.S.A. § 4531a.) Should the policy considerations advocated by the defendant militate in favor of a change in the controlling law, we are confident that the Legislature will respond in an appropriate and timely fashion. We therefore hold that *Lovell* v. *Leland* and the line of cases in support thereof govern the appellate review of the superior court's order granting the defendant's motion to dismiss.

■ The pleadings set forth in the plaintiff's complaint alleged that the defendant Barber was a co-maker of the note, that he defaulted on the note obligations, and that he failed to exercise his redemptive rights. As to this latter allegation, the defendant's answer indicates the presence of a factual controversy. However, for purposes of reviewing the court's

order dismissing the plaintiff's cause, the facts are to be viewed as if the defendant had admitted as true all facts well pleaded by the United Savings Bank. *Huey* v. *Bates*, 135 Vt. 160, 375 A.2d 987 (1977). In addition, the existence of a deficiency after foreclosure was alleged by the bank, as well as the exact amount of that deficiency. These factual allegations, when viewed in the context of the controlling case law regarding deficiency judgments following foreclosure, set forth a cause of action upon which relief could be granted. We therefore hold that the superior court erred in granting the defendant's motion to dismiss, and we order the cause remanded for further proceedings.

In concluding, we note that the defendant urges this court to impose certain procedural requirements, not mandated by statute, case law, or our Rules of Civil Procedure, upon mortgagees seeking to recover a deficiency judgment following foreclosure. The suggested requirements include the requirement that the mortgagee have the ability to convey the real property to the defendant at the time of the deficiency judgment proceedings and that the mortgagee's recovery of a deficiency judgment be conditioned upon the giving of notice during the foreclosure proceedings that it intended to so proceed. The appellee does not contend that the absence of such procedural requirements casts a constitutional infirmity upon these proceedings, but rather claims that, as a matter of public policy, these should be adopted by this Court and applied to deficiency proceedings in this jurisdiction. However, as we have noted earlier in this opinion, it is our view that the legislative forum provides the proper setting in which these policy considerations can be weighed and evaluated.

*Judgment reversed and cause remanded.*