*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-478

JUNE TERM, 2013

| | | |
|---|---|---|
| Merchants Bank | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Addison Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Ann M. Furey | } | DOCKET NO. 67-4-11 Ancv |

Trial Judge: Helen M. Toor

In the above-entitled cause, the Clerk will enter:

In this foreclosure action, defendant property owner appeals from orders of the superior court, civil division, confirming a foreclosure sale and granting plaintiff bank a deficiency judgment and fees and costs. We affirm.

In 2005, defendant, an out-of-state resident, obtained a loan secured by a mortgage from plaintiff Merchants Bank to purchase a camp in Lincoln, Vermont. In August 2009, she stopped making mortgage payments. In April 2011, the bank initiated the instant foreclosure action. A judgment order, decree of foreclosure, and order for public sale was entered in plaintiff's favor on February 2, 2012, with the redemption date set at May 2, 2012. Defendant failed to redeem the subject property within the redemption period, and the bank held a public sale on June 5, 2012, resulting in the property being sold for $95,000 to an independent third party. Following a contested hearing, the superior court granted plaintiff's motion to confirm the public sale and awarded plaintiff a deficiency judgment of $34,950. In a later order following a separate hearing, the court additionally awarded plaintiff $473 in costs and $7371 in attorney's fees over and above the $5355 previously awarded. On appeal, defendant argues that the court abused its discretion: (1) by confirming the public sale and awarding a deficiency judgment under the circumstances of this case; (2) awarding excessive fees and costs associated with the public sale; and (3) awarding excessive attorney's fees without affording her due process of law.

Defendant first argues that plaintiff breached its duty of acting in good faith when it sold the subject property for far less than its fair market value. According to plaintiff, the bank had a duty to make a bid on the property that would have, at minimum, covered the debt she owed, given the fair market value of the property. Upon review of the record, we conclude that the superior court did not abuse its discretion by confirming the sale and granting plaintiff a deficiency judgment.

"It has long been the controlling law in this jurisdiction that '[o]bligations secured by a mortgage are not extinguished by foreclosure proceedings and decree unless the mortgaged property is sufficient for that purpose.'" United Sav. Bank v. Barber, 135 Vt. 278, 279 (1977) (quoting Hewey v. Richards, 116 Vt. 547, 551 (1951)). "Where such an insufficiency or

deficiency can be demonstrated, a personal judgment for the balance may be sought and secured by the mortgagee." Id. at 279. Following a public sale pursuant to a judgment of foreclosure, the superior court "may confirm the sale or set it aside and order a resale." 12 V.S.A. § 4533(a).[*] The statute does not set forth any criteria for setting aside a judicially ordered public sale, but courts "have universally recognized that the mere inadequacy of price alone obtained at an execution sale provides insufficient reason for setting aside the sale," unless "the price is so grossly inadequate as to shock the judicial conscience or to raise a presumption of fraud." C. Marvel, Annotation, Inadequacy of Price as Basis for Setting Aside Execution or Sheriff's Sale—Modern Cases, 5 A.L.R. 4th 794, § 3; see Fernandez v. Suburban Coastal Corp., 489 So. 2d 70, 71 (Fla. Dist. Ct. App. 1986) (stating "long standing rule that inadequacy of price alone is not sufficient to set aside a judicial sale" unless "inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity"); Dime Sav. Bank of New York v. Zapala, 680 N.Y.S.2d 665, 666 (App. Div. 1998) (stating that absent evidence of fraud, collusion, mistake, or misconduct, "the mere inadequacy of price is an insufficient reason to set aside a sale unless the price is so inadequate as to shock the court's conscience"); Restatement (Third) of Property: Mortgages § 8.3, at 581 (1997) ("A foreclosure sale price obtained pursuant to a foreclosure proceeding that is otherwise regularly conducted in compliance with applicable law does not render the foreclosure defective unless the price is grossly inadequate.").

Closer judicial scrutiny of a public sale is appropriate, however, "when the price is being employed to calculate the amount of a deficiency judgment" because the foreclosure itself is not generally in jeopardy and thus the interests of the third parties are not prejudiced by the judicial intervention in the sale. Restatement (Third) of Property: Mortgages, supra, at 583. This is especially true if the mortgagee is the purchaser of the property because of the danger of unjust enrichment. Id. Here, plaintiff is seeking a deficiency judgment based on a public sale in which it was not the purchaser of the subject property. Before the superior court, defendant argued that, by allowing a third party to purchase the property at a slightly higher price than its last bid, plaintiff avoided being precluded by law from obtaining a deficiency judgment. In making this argument, defendant relied upon Vermont Rule of Civil Procedure 80.1(j)(2), which permits the court to assess a deficiency if the proceeds of the sale are insufficient to cover the debt, but which also states that "[w]here the mortgagee is the purchaser at the sale, any deficiency shall be limited to the difference between the fair market value of the premises at the time of the sale, as determined by the court based on" an appraisal provided by the plaintiff or ordered by the court "and such other evidence as may be received, and the amount due the plaintiff plus the reasonable expenses incurred in making the sale." The superior court rejected the premise of defendant's argument—that this provision precludes the court from awarding a deficiency judgment when the mortgagee is the purchaser at a public sale—and defendant does not renew that particular argument here.

In this case, the superior court carefully scrutinized the sale because of conflicting evidence on the property's value and the large discrepancy between the sale price and the price at which the property had previously been assessed, appraised, and listed. The evidence revealed that the property was assessed by the Town of Lincoln at $256,200. Defendant listed the property in May 2010 for $299,000, and then reduced the price to $205,000 in September 2011,

---

[*] In 2012, the Legislature repealed, effective July 1, 2012, the preexisting foreclosure statute and substituted Chapter 172 of Title 12, 12 V.S.A. § 4931-4970, applicable to "any mortgage foreclosure proceeding instituted after" the effective date. 2011, No. 102 (Adj. Sess.), § 6(a). The statutory cite is to the statute before the 2012 repeal.

but it still did not sell. Based on an exterior-only inspection requested by plaintiff, an appraiser valued the property in May 2011 at $200,000. Another real estate broker later told the bank that the property had been listed way too high and should have been valued in the lower $100,000s. There was also testimony at the hearing that the condition of the camp had deteriorated as the result of defendant's lack of attention. A fallen tree blocked the driveway, the roof was leaking in several spots, the foundation had deficiencies, copper plumbing had been stolen from the basement, and mice had eaten holes in the ceilings. Defendant's expert, a real estate agent, testified that the camp was worth $150,000 or $160,000 in a distressed sale such as this, and that the $95,000 sale price was unreasonably low, but she also acknowledged that she had little experience selling foreclosed properties. Further, she conceded on cross-examination that her estimate of the value of the property might have to be reduced based on the deteriorating condition of the camp.

In confirming the sale, the trial court considered this evidence of the property's value and further noted that: (1) plaintiff had done more than it was required to do to advertise the sale of the property to ensure a maximum return; (2) seven bidders showed up for the sale; and (3) there was no hint of irregularity in the sale of the properly to an independent third party for $95,000. As for the testimony of defendant's expert that the sale price was not reasonable, the court noted that the expert's two principal comparable properties had significantly more square footage than the subject property and thus were not reliable indicators of the value of the subject property. The court ruled that plaintiff was entitled to a deficiency judgment, given that there was no evidence of any irregularity in the sale of the subject property, it had done everything possible to obtain a maximum bid, and the final sale price was not grossly unreasonable, given the deteriorating condition of the camp.

We recognize that "[i]n strict foreclosure actions, the deficiency is the difference between the fair market value of the premises and the debt." Vermont Nat'l Bank v. Leninski, 166 Vt. 577, 578 (1996). Nevertheless, the court's unchallenged findings indicate that the bank made concerted efforts to obtain the full market value for the subject property and wound up selling the property to an independent third party at a public sale with other bidders and no hint of irregularities. Cf. Will v. Mill Condo. Owners' Ass'n, 2004 VT 22, ¶ 16, 176 Vt. 380 (describing "commercial reasonableness" standard as obligation of secured party to utilize best efforts to sell collateral for best price and to have reasonable regard for debtor's interest). Under such circumstances, the actual sale was the best evidence of the fair market value of the property. The ultimate sale price was considerably less than the value at which the camp had been previously appraised and assessed, but the camp was a distressed property in foreclosure, see BFP v. Resolution Trust Corp., 511 U.S. 531, 539 (1994) (noting significant reduction in value of property being sold in foreclosure), and there was evidence of significant deterioration of the property due to it having been left unattended for a lengthy period of time. Given these circumstances, the court did not abuse its discretion in confirming the sale and establishing a deficiency judgment based on the sale price of the property.

Next, defendant argues that the fees and costs of the auction sale were excessive, representing .077% of the bid price. We find no merit to this argument. The fees and costs from the sale were the result of plaintiff's efforts to obtain the maximum price for the property, and nothing in the record suggests that those fees or costs were unreasonable.

Finally, defendant argues that the attorney's fees awarded were excessive and granted without due process because of the lack of service upon her of a previous motion in which

3

plaintiff sought additional attorney's fees amounting to a higher percentage of the bid price from that previously allowed. Again, we find no merit to this argument. The court recognized that the attorney's fees were exceptionally high in this case, but concluded that the primary reason for this was defendant's decision to contest the foreclosure proceedings in multiple respects. That was her right, but having lost, she is responsible for reasonable attorney's fees expended by plaintiff during the contested proceedings. In fact, the court wound up awarding plaintiff only approximately two-thirds of the attorney's fees it found that plaintiff had actually incurred in the proceedings. Notwithstanding any lack of service on a previous motion to increase the percentage of fees allowed, defendant had an opportunity to contest the amount of the fees and in fact did so. We find no abuse of discretion in the court's award of attorney's fees.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice

4