### F. J. STONE ET AL. v. G. W. TILLEY ET AL.

#### No. 1678.  Decided April 10, 1907.

**Tax Lien—Discharge by Mortgagee.**

A mortgagee who, to protect his mortgage, and not at request of the owner, pays off a judgment foreclosing a tax lien on the land, acquires a right to include the sum paid in his foreclosure against the land; but has no right to a personal judgment against the owner thereof.  (Pp. 489, 490.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Stone and others brought suit to enjoin the enforcement of an execution taken out by Lacy on a judgment against them for city taxes, which he had paid off to protect his mortgage on property incumbered by the tax lien and judgment. Lacy reconvened and had judgment for the amount paid in discharging the tax lien. Plaintiffs appealed, and on affirmance obtained writ of error.

*G. W. Barcus,* for plaintiffs in error.—A person who pays the debt of another, in order to protect his own rights is subrogated only to the securities held to secure the debt. Stone v. McGregor, 12 Texas Ct. Rep., 986; Vincent v. Moore, 51 Mich., 618; McCormick v. Edwards, 69 Texas, 108; Furche v. Mayer, 29 S. W. Rep., 1099; Wiltsie on Mortgage Foreclosure, sec. 452.

*Sleeper & Kendall,* for defendants in error.—Where one person pays a debt for which another was personally and primarily liable in order to protect his own property, the person so paying is entitled to recover from one whose default has imposed upon him the paying of a debt for which he was neither legally nor equitably liable. 2 Freeman on Judg., 468; Murphy v. Williams, 56 S. W. Rep., 695; Sanford v. McLean, 3 Paige, 117; 23 Am. Dec., 776; Weiss v. Guerineau, 109 Ind., 438; Dunning v. Seward, 90 Ind., 63; Wernsing v. Winter, 116 Ill., 211.

One who, for the protection of his own property, is compelled to pay a debt to which he is a stranger, and for the payment of which another is either legally or equitably bound, becomes entitled on the principles of subrogation, to avail himself of the remedies to which the person to whom payment was made was entitled, or he may maintain an equitable suit as for money paid to the use of such other. Weiss v. Guerineau, 109 Ind., 438; Brice's Appeal, 95 Pa. St., 145; Stiger v. Bent, 111 Ill., 328; Benford v. Adams, 104 Ind., 41; Wernsing v. Winter, 116 Ill., 211.

BROWN, Associate Justice.—J. E. Stone and his wife resided in Waco and were possessed of community estate of which the land described in the plaintiffs' petition situated in the city of Waco was a part. A. A. Stone (the wife) died leaving F. J. Stone, Ethel Swint (nee Stone), Alonzo and Pearl Stone, her only children and heirs at law. After the death of his wife, J. E. Stone in the management of the community estate contracted a debt with N. J. S. Lacy of $2,500, which was a debt against the community property of himself and his deceased wife. J. E. Stone executed to Lacy a deed of trust upon the piece of land in the city of Waco to secure the said $2,500 and afterwards in March, 1898, a suit was filed in the District Court of McLennan County by the heirs of Mrs. Stone, plaintiffs in error, against J. E. Stone, for partition of the property. By agreement the property was partitioned and the land upon which the deed of trust herein mentioned was given by J. E. Stone was set apart to the heirs subject to the debt of the said Lacy. In the years 1898, 1899, 1900 and 1901 this piece of land was assessed in the city of Waco for taxes in the name of the plaintiffs in error, and, they having refused to pay the taxes, the city filed suit in the District Court of that county against the plaintiffs in error and J. E. Stone and N. J. S. Lacy and recovered judgment against the plaintiffs in error for the debt, $365.41, and also foreclosing the lien for taxes upon the said land as against the said plaintiffs in error and the said J. E. Stone and N. J. S. Lacy. An order to sell the land in satisfaction of the judgment was issued, and, in April, 1904, Lacy paid off the judgment in order to protect his deed of trust upon the land. Lacy subsequently sold the land under the power contained in the deed of trust for the sum of $2,000 and then sued out an execution upon the judgment in favor of the city of Waco against the said plaintiffs in error for the amount of the judgment, interest and costs. At the suit of the plaintiffs in error the execution was enjoined and Lacy filed a cross bill against the plaintiffs in error for the recovery of $365.41, together with interest thereon and costs

which he had paid in discharging the said judgment in favor of the city, claiming that he had paid the said judgment in order to protect the lien that he had by virtue of his deed of trust upon the land. Upon the trial judgment was given perpetuating the injunction against the execution and judgment was rendered in favor of Lacy against the plaintiffs in error for the amount of the judgment, interest and costs paid by Lacy. The Court of Civil Appeals affirmed the judgment of the District Court.

Lacy, who paid the judgment to the city of Waco, was not liable for the taxes due to the city, nor was he included in the judgment rendered in the suit by the city against the plaintiffs in error. Lacy had no right nor interest in the payment of the taxes due to the city except as mortgagee, and aside from his character as mortgagee he occupied the place of a volunteer, who has, without the consent of the debtor, paid and discharged the claim of the city for taxes, and, as a volunteer, he would not acquire any right of action against the plaintiffs in error by making such payment. (27 Am. & Eng. Ency. Law, 237.)

Holding a mortgage upon the land, Lacy had the right to discharge the taxes in order to protect his mortgage. He acquired whatever right would accrue to a mortgagee from making such payment and no more, which by foreclosure of the mortgage was, to enforce the collection of the sum paid against the land.

The difference between the right acquired by a mortgagee who pays off a tax against property on which his mortgage is given and the right of one who pays a debt by request or because of joint liability for the debt consists in the enforcement of the claim acquired. While persons of the latter class would have the right to enforce the collection of the debt paid for the debtor by suit, the mortgagee only acquires the right to enforce the taxes so discharged as a part of the mortgage debt, and it must be enforced at the same time that the mortgage is foreclosed for the debt secured thereby. Lacy acquired no right of action against the plaintiffs in error and could not maintain a suit against them to reimburse himself for the taxes paid in this case. (2 Jones on Mortgages, sec. 1080; Wiltsie on Mortgage Foreclosure, sec. 452; Swan v. Emerson, 129 Mass., 291; Vincent v. Moore, 51 Mich., 618; Johnson v. Payne, 11 Neb., 269; Horrigan v. Wellmuth, 77 Mo., 545.)

In the case of Swan v. Emerson, above cited, after stating, in substance, that the mortgagee was authorized to discharge the taxes upon the land on which his mortgage rested, the court said: "But he had no more right to bring a personal action against either of them for the sum so paid than for the principal sum remaining due on his own mortgage." The taxes paid by Lacy became a part of the mortgage debt, and, not being satisfied by the sale of the land, can not be recovered by suit, because the plaintiffs in error were not liable for the debt secured by the mortgage.

In Vincent v. Moore, before cited, Judge Cooley wrote the opinion. The facts were very much like the present case. In that case the mortgagee had redeemed the land from a tax sale and then proceeded to foreclose his mortgage by a sale under the power in the deed and thereafter brought a suit against the mortgagor to recover the taxes

which were not paid by the sale of the land. Judge Cooley said: "What the complainants were compelled to pay for the protection of their mortgage did not constitute a separate and independent lien on the land; it could become a lien only in connection with and because of the mortgage, and could not exist independent of it. When therefore complainant took proceedings which resulted in a satisfaction of the mortgage, any lien which may have existed before for taxes paid was necessarily discharged, whether the amount paid was claimed in those proceedings or not."

When Lacy foreclosed his mortgage under the power of sale contained in it, it was necessary for him to include the amount he had paid for taxes on the land, if he expected to collect that sum, for, as stated by Judge Cooley, the only right that he had arose out of his mortgage, and when, by the foreclosure proceedings, he satisfied that instrument, his right and claim against the plaintiffs in error was likewise satisfied. The District Court erred in giving judgment for Lacy against the plaintiffs in error for the taxes paid by him and the Court of Civil Appeals erred in affirming that judgment. It is therefore ordered that the judgments of the District Court and Court of Civil Appeals be reversed and judgment here be entered in favor of the plaintiffs in error, that Lacy take nothing by his cross action against them.

*Reversed and rendered for plaintiffs in error.*