## WOOD v. SCOTT et al.

### No. 1174.

Court of Civil Appeals of Texas. Waco.

April 7, 1932.

Rehearing Denied May 5, 1932.

W. L. Eason, of Waco, for appellant.

Nat Harris, of Waco, for appellees.

GALLAGHER, C. J.

Mrs. Mary F. Crosslin, a feme sole, executed and delivered to the Atlas Lumber Company her promissory note dated September 29, 1924, due September 29, 1929, for the sum of $2,500, with interest from date at the rate of 8 per cent. per annum. Said note also provided for attorney's fees in event of suit thereon. Said note was secured by a vendor's lien on a certain lot of land in the city of Waco. To further secure the same, Mrs. Crosslin executed and delivered a deed of trust of even date therewith on said lot. Said note and liens were duly assigned by the Atlas Lumber Company to Mrs. Anne H. Scott. Mrs. Crosslin thereafter married A. O. Wallace. She, joined by her husband, on July 11, 1928, conveyed the lot of land so incumbered to N. Wood, subject to the amount due on said note and also subject to any unpaid taxes thereon. Mrs. Scott paid city taxes on said lot for the years 1926, 1927, and 1928, which accrued prior to such conveyance, in the sum of $224.74. She also paid state and county taxes on said lot for the year 1929 in the sum of $20.35. Said taxes were delinquent at the time of payment. She also paid to the city of Waco taxes on said lot for the year 1929 in the sum of $70.91 and for the year 1930 in the sum of $63.69. Taxes for the year 1929 were delinquent at the time of payment. Receipts for the taxes so paid indicate that the property was assessed for said years in the name of Mrs. Wallace. Mrs. Anne H.

Scott and husband, B. L. Scott, on the 21st day of July, 1930, instituted this suit against Mrs. Mary Crosslin Wallace and her husband, A. O. Wallace, and N. Wood, to recover the amount due on said note and all taxes paid by Mrs. Scott on said lot. They alleged that said taxes had been paid by Mrs. Scott to protect her liens on said lot, and that the same constituted a personal liability against Mrs. Wallace and said N. Wood. They prayed that said liens be foreclosed on said lot. Appellant N. Wood answered disclaiming all right, title, and interest in and to said lot of land and denying all appellees' allegations.

A trial before the court was had on June 2, 1931, and resulted in a judgment in favor of appellee Mrs. Anne H. Scott against Mrs. Mary Crosslin Wallace for the amount due on said note in the sum of $3,173, for taxes paid by Mrs. Scott in the sum of $321.37, and a judgment against appellant Wood for taxes paid by Mrs. Scott in the sum of $163.47. Executions for the collection of the sums so recovered were awarded against Mrs. Wallace and Wood, respectively. The court found in that connection that the note sued on was secured by a vendor's lien and a deed of trust lien on said lot, and ordered said liens foreclosed, said lot sold, and the proceeds applied to the satisfaction of said respective recoveries. N. Wood alone has appealed.

### Opinion.

▬ Appellant Wood presents a group of assignments, in each of which he assails the action of the court in rendering a personal judgment against him for taxes paid by Mrs. Scott on said property after the same was conveyed to him in the sum of $163.47, and in awarding execution to enforce the collection of the same. The principal contention asserted under said group of assignments is that when a lienholder, without either request or contractual authority from the owner of the land, but solely for the protection of his rights under his lien, pays taxes on the incumbered property, his right of subrogation is limited to reimbursement out of such property and does not authorize him to appropriate such property in satisfaction of his lien and recover of the owner the taxes so paid by personal judgment and execution. Appellant cites, in support of his contention, the case of Stone v. Tilley (Tex. Civ. App.) 95 S. W. 718; Id., 100 Tex. 487, 101 S. W. 201, 10 L. R. A. (N. S.) 678, 123 Am. St. Rep. 819, 15 Ann. Cas. 524. In that case the Stone heirs owned certain real estate, subject to a lien existing at the time the same was conveyed to them. Certain taxes accrued after they acquired such land. The city of Waco sued and recovered judgment against them for said taxes and against both them and the lienholder foreclosing a lien on the land. Order of sale was issued, levied on the land, and sale

thereunder duly advertised. Lacy, the lienholder, to prevent a sale of the land, paid said judgment. He then caused the property to be sold under authority conferred in his mortgage and purchased the same for less than the amount of his lien. He then sought to enforce the judgment against the Stone heirs by execution. The effect of such proceedings on his part was to attempt to appropriate the entire proceeds of such property to the satisfaction of his debt and lien, and to seek under the claim of subrogation to collect the amount of such taxes out of other property belonging to the Stone heirs, notwithstanding such taxes were secured under the provisions of the Constitution by a special lien on the land upon which they were assessed, and notwithstanding said heirs were entitled to have such land sold and the proceeds applied first to the satisfaction of such taxes, or the judgment into which they were merged. Bailey v. Block, 104 Tex. 101, 134 S. W. 323; Walker v. Garland (Tex. Com. App.) 235 S. W. 1078, 1080, par. 5. Lacy caused the issuance of an alias execution on said original judgment and caused the same to be duly levied on other real estate belonging to them. They enjoined further proceedings under such execution on the ground that the payment of said judgment by Lacy satisfied the same, and on the further ground that they were entitled to have the land described therein, and upon which the tax lien had been foreclosed, sold to satisfy such judgment before the same could be enforced by the sale of other property belonging to them. Lacy, by cross-action, sought, in event such injunction was perpetuated, to recover a personal judgment against the Stone heirs for the amount of the taxes embraced in the judgment so paid by him. The trial court perpetuated the injunction, but gave Lacy a personal judgment on his cross-action against the Stone heirs, and the Court of Civil Appeals affirmed such judgment. The Supreme Court granted a writ of error, and on final hearing reversed the judgment and denied Lacy a recovery on his cross-action. In its opinion in the case the court declared the correct rule in such cases to be that a mortgagee who, to protect his mortgage and not at the request of the owner, pays off a judgment foreclosing a tax lien on the land, acquires a right to include the sum paid in his foreclosure against the land, but has no right to a personal judgment against the owner thereof. We do not understand that the position of a lienholder who, under similar circumstances, pays taxes assessed against the land covered by his lien before suit is filed thereon, is in any way better than it would have been if he had waited until judgment therefor with foreclosure of lien had been recovered. The rule so announced is in harmony with the present statutory provisions for the collection of delinquent taxes. R. S. arts. 7326 and 7328. Said articles provide, in substance, that suit for the recovery of such taxes "shall be brought as an ordinary foreclosure for debt, with averments as to to the existence of a lien upon such land for such taxes, with interest at the rate of six per cent. per annum, and shall pray for judgment for the foreclosure of the said lien and sale of said lands as under ordinary execution"; that the procedure in such cases shall be the same as in ordinary foreclosure suits; that "in case of foreclosure an order of sale shall issue and the land sold thereunder as in other cases of foreclosure"; that in case there are no bidders at such sale, one of certain designated officers shall bid the amount of taxes, penalty, interest, and costs adjudged against such property, and the sheriff shall execute a deed to the state therefor.

The special lien given by the Constitution, art. 8, § 15, against real estate for the taxes assessed thereon is, of course, superior to the claims of an antecedent lienholder, and we think the statutory provisions above quoted evidence a clear legislative intent that, in the case of sales of real estate for taxes, such taxes shall be satisfied in full out of the property against which they are assessed. The decision by the Supreme Court in Stone v. Tilley, supra, was rendered a quarter of a century ago and has remained unchallenged to this date, and we think the rule therein announced controls the disposition of this appeal. The judgment of the trial court is therefore so reformed as to deny to appellee a personal judgment against appellant for the taxes paid by her which accrued upon the property involved herein after its purchase by him, but this shall not affect the judgment of the court establishing the amount of the taxes so paid and ordering the proceeds of the sale of the property applied in satisfaction thereof.

The judgment of the trial court as so reformed is affirmed.