### THE PRAETORIANS v. STATE et al.

### No. 1241.

Court of Civil Appeals of Texas. Waco.

Sept. 22, 1932.

Rehearing Denied Oct. 20, 1932.

T. W. Davidson and J. W. Randall, both of Dallas, for appellant.

William McCraw, Tom C. Clark, Burgess, Burgess, Chrestman & Brundidge, and O. A. Fountain, all of Dallas, for appellees.

ALEXANDER, J.

This suit was brought by the state of Texas against the Praetorians, Gaulding Mortgage Company, and Alma Wallen for taxes claimed to be due the county of Dallas and state of Texas for the year 1927 on certain real property situated in the city of Dallas. The action was in rem to foreclose a lien against the property. No personal judgment was sought. The Praetorians by cross-action made the Buell Lumber & Manufacturing Company, which will hereafter be referred to as the lumber company, a cross-defendant and sought a personal judgment against it for such taxes. This appeal involves only the right of the Praetorians to such judgment.

In 1925 W. C. Martin and wife executed a deed of trust on the property in question to secure the payment of certain indebtedness due the Gaulding Mortgage Company. The Gaulding Mortgage Company afterwards assigned the debt and lien to the Praetorians. In 1926 Martin and wife conveyed the property to the Buell Lumber & Manufacturing Company, subject to the indebtedness held by the Praetorians. On January 1, 1927, the property was assessed for the taxes herein sued for in the name of the Buell Lumber & Manufacturing Company, the then owner thereof. Thereafter in 1928 the trustee sold the property under the power provided for in the deed of trust and the Praetorians purchased the property in satisfaction of its debt. The Praetorians is now the owner of the property. It is the contention of the Praetorians that, since the lumber company was the owner of the property at the time the taxes accrued, it is personally liable for such taxes, and since the Praetorians will be required to pay such taxes in order to protect its title to the property, it should have a personal judgment for the amount of such taxes against the lumber company. The trial court foreclosed the tax lien on the property in favor of the state, but refused judgment in favor of the Praetorians against the lumber company. The Praetorians appealed.

It now seems to be well settled that, where a lienholder, without request or contractual authority from the owner of the land, pays taxes on the incumbered property in order to protect his lien, he does not thereby acquire a right to a personal judgment against such owner, but his claim for the amount so expended in paying such taxes becomes a part of his mortgage debt and he is limited in his right of subrogation to be re-

imbursed out of the mortgaged property. This is particularly true where, as in this case, the one who owns the land at the time the taxes accrue is not personally liable for the mortgage debt. Stone v. Tilley, 100 Tex. 487, 101 S. W. 201, 10 L. R. A. (N. S.) 678, 123 Am. St. Rep. 819, 15 Ann. Cas. 524; Wood v. Scott (Tex. Civ. App.) 48 S.W.(2d) 1024 (writ refused).

It is clear, therefore, that had the Praetorians, prior to the foreclosure of its deed of trust, paid the amount of taxes due the state and county, it would not have been entitled to a personal judgment against the lumber company for the taxes so paid, but would have been limited in its recovery to a foreclosure of a lien on the property for the amount of such taxes. The fact that it has foreclosed its lien and is now the owner of the property and may now be compelled to pay such taxes in order to protect its title, does not give it any greater right. It is, therefore, not entitled to a personal judgment against the lumber company for the amount of taxes which it may be required to pay in order to redeem the property from the judgment in favor of the state. The trial court properly denied the appellant's prayer for such judgment.

The judgment of the trial court is affirmed.

Chief Justice GALLAGHER took no part in the consideration and disposition of this appeal.