Harold WOOD et al., Petitioners,

v.

HENRY S. MILLER COMPANY, Trustee
et al., Respondents.

No. B–8713.

Supreme Court of Texas.

March 12, 1980.

Chancellor & Wood, Edmund R. Wood, Roger D. Bush, Dallas, for petitioners.

Kissner & Pappas, Leo A. Kissner and Farrell P. Bolz, Houston, Cooper, Hagner, Miller & Long, Michael R. Cooper, Dallas, for respondents.

McGEE, Justice.

This is a companion case to *Smart v. Tower Land & Investment Co.,* 597 S.W.2d 333, decided today by this court. Like the *Smart* case, this is a suit for reimbursement for taxes paid by a mortgagee after foreclosure. A personal judgment against the mortgagor in favor of the mortgagees was entered by the trial court, but this judgment was reversed by the court of civil appeals. 584 S.W.2d 302. We affirm the judgment of the court of civil appeals that the mortgagees take nothing on their claim.

The facts of this case are parallel to the facts in *Smart v. Tower Land & Investment Co.* The Henry S. Miller Company (Miller) purchased property on behalf of a joint venture from Harold and Ruth K. Wood, husband and wife, and Warren and Ruth Ann Wood, husband and wife (the Woods). Miller's notes representing the purchase price were nonpersonal liability obligations. Four deeds of trust were given as security for the purchase price by Miller for the joint venture. Upon default for nonpayment, the Woods accelerated maturity of the notes. They foreclosed under the deeds of trust and purchased the property at foreclosure. After their purchase, the Woods paid ad valorem taxes that had been assessed during the mortgage and sued Miller for reimbursement.

The deeds of trust executed by Miller as mortgagor reiterate the nonpersonal liability provisions of the underlying notes:

"Anything herein to the contrary notwithstanding, the undersigned shall have no personal liability for the payment of the note secured hereby, and in the event of default, the holder of said note shall have the mortgaged property alone as security for the payment of said note . . . . ."

The deeds of trust also contain the following provisions with respect to the payment of property taxes:

"THE UNDERSIGNED FURTHER COVENANT with said Trustee that it will . . . pay, before the same shall become delinquent, all taxes and assessments that may be levied or assessed against said premises or any part thereof. And it is especially agreed that if the undersigned shall fail . . . to pay such taxes, . . . said taxes may be paid by the legal holder of said note, and sums so expended shall be a demand obligation and become part of the debt hereby secured, and shall draw interest at the rate of ten (10%) per cent per annum from date so expended until paid, or at the option of the holder of the debt secured hereby, the entire principal indebtedness may be declared due, and be collected in any manner provided in this instrument, or provided by law."

The Woods contend that these provisions entitle them to pay delinquent taxes after foreclosure and obtain a personal judgment against Miller for reimbursement.

We disagree, having determined that this case cannot be distinguished in any material respect from *Smart v. Tower Land & Investment Co.* The reasons given in that opinion for denying a personal judgment against the mortgagor for tax reimbursement are applicable to this case, making it unnecessary for us to write at length here.

 We find that under the mortgage contract, any liability of Miller for taxes not paid by it became enforceable as part of the mortgage debt, consistent with the principles of *Stone v. Tilley,* 100 Tex. 487, 101 S.W. 201 (1907). The contract between Miller and the Woods did not create personal liability for taxes. To the contrary, the deeds of trust provide that Miller's tax liability shall "become part of the debt hereby secured," and that debt was a nonpersonal obligation. In light of this language and in the absence of a clear promise by Miller to personally reimburse the Woods for taxes paid by them, we hold that the Woods' remedy for recovery of delinquent taxes was foreclosure against the property.

For the reasons expressed in *Smart v. Tower Land & Investment Co.,* we also hold that the Woods are not entitled to recover the amount paid for taxes through application of equitable principles of subrogation. Having neglected to enforce their right to recover unpaid taxes as part of their foreclosure proceedings, the Woods are not now entitled to an additional right to a personal judgment. The Woods' payment of delinquent taxes after they foreclosed and purchased at foreclosure was to protect their interest as owner. Their purchase is deemed to have been made with reference to delinquent taxes, and the subsequent discharge of tax liability cannot be said to have been done on behalf of Miller.

The judgment of the court of civil appeals, which reversed that of the trial court and ordered that the Woods take nothing, is affirmed.