**LAMBDA CONSTRUCTION COMPANY, et al., Appellants,**

v.

**CHAMBERLIN WATERPROOFING AND ROOFING SYSTEMS, INC., Appellee.**

**No. 3–89–037–CV.**

Court of Appeals of Texas, Austin.

Jan. 24, 1990.

Rehearing Denied Feb. 28, 1990.

Holmes T. Bennett, Gardner, Ferguson, Sommers & Davis, San Antonio, for appellants.

Robert W. Wachsmuth, Edward J. Batis, Jr., Coatney, Kelfer & Wachsmuth, P.C., Karen A. Angelini, Nissa L. Mykleby, Brock & Mathis, P.C., San Antonio, for appellee.

\* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Before POWERS, CARROLL and SMITH \*, JJ.

CARROLL, Justice.

The district court rendered judgment for appellee pursuant to its suit for breach of a construction subcontract. The judgment was rendered upon the submission of briefs and without an adversarial presentation of evidence or testimony. Appellants brought this appeal by petition for writ of error. We will dismiss the appeal for want of jurisdiction.

## BACKGROUND

The dispute here involves an alleged contract breach. A trial on the merits was set for June 15, 1988. On that date, appellee appeared and was ready for trial, but appellants failed to appear. Thereafter, the district court entered an order with regard to appellee's attorneys' fees incurred in preparation for the June 15th setting, which appellants missed, and with respect to procedures for the subsequent resolution of the case. The order was prepared by appellee's counsel, and stated in part:

> On advice of the Court, CHAMBERLIN'S counsel placed a telephone call to LAMBDA'S and COMMERCIAL UNION'S counsel.... CHAMBERLIN'S counsel confirmed with DEFENDANTS' counsel that there was *no issue of material fact between the parties and that as a result, this cause could be resolved by each party submitting briefs to the Court for consideration and resolution of the one remaining legal issue.*
>
> \*　\*　\*　\*　\*　\*
>
> *During the subsequent telephone conference hearing* among the Court, CHAMBERLIN'S counsel, and DEFENDANTS' counsel ... [t]he Court ... confirmed with each counsel that the issue before the Court *was purely a legal question, there being no dispute as to material facts, and thereby ordered the parties to comply with a briefing schedule on the issue* of whether LAMBDA is

Tex.Gov't Code Ann. § 74.003 (1988).

liable to CHAMBERLIN for monies claimed by CHAMBERLIN, *regardless of whether LAMBDA received payment* on all or part of the amounts claimed from the owner of the project....

THEREFORE, upon due consideration of the facts and circumstances as presented to the Court and all representations and statements of counsel, it is HEREBY ORDERED, ADJUDGED AND DE-CREED as follows.... All parties that wish to submit a brief in support of their respective positions and addressing *the legal issue* as stated above, shall file and serve the same....

(Emphasis ours.) Appellants did not object to the order either before or after it was signed and entered.

Appellants and appellee filed several briefs in accordance with the order. The district court then ruled in favor of appellee, and requested appellee to prepare a final judgment reflecting the court's decision. It appears from the record that appellants made no attempt to object to the proposed final judgment either before or after it was signed. The judgment stated in part:

Pursuant to this Court's ORDER of June 20, 1988, Plaintiff ... and Defendant ... submitted their respective BRIEFS to the Court.

\* \* \* \* \* \*

Upon due consideration of the above mentioned briefs, and after having considered all evidence, arguments of counsel, pleadings and discovery filed, and all other matters of record in this cause, the Court is of the opinion that PLAINTIFF should have judgment against DEFEN-DANTS, jointly and severally.

Afterwards, appellants requested findings of fact and conclusions of law. The district court, mindful of the June 20th order, refused to enter such findings because there was no "genuine issue as to any material fact." In addition, appellants' motion for new trial was overruled by operation of law. Appellants failed to timely file a cost bond or cash deposit for appeal. Thereafter, appellants sought review by petition for writ of error.

## CONTENTIONS OF THE PARTIES

Appellants contend that because judgment was improperly rendered without a hearing or trial on the merits, they can pursue this appeal by writ of error. Appellants believe that the judgment was improperly rendered because the district court erred when it determined that there was no genuine issue of material fact. Furthermore, they contend that there was no agreement between the parties to proceed by a bench trial based solely upon the briefs submitted by the parties. Alternatively, they argue that the suit was incorrectly decided via an unsolicited summary judgment. Finally, they complain that the district court improperly refused to make findings of fact and conclusions of law.

Appellee responds that appellants "participated in the trial" of the case, and therefore, appellants are not entitled to appeal by writ of error. In addition, appellee alleges that appellants waived any right to complain of the manner of submission of the case by failing to object to the manner of submission and acquiescing in the procedure. Furthermore, appellee argues that the district court correctly refused to make findings of fact and conclusions of law in light of the "agreed" order. Moreover, appellee contends that appellants waived their right to complain of any disagreement with the order.

## DISCUSSION AND HOLDING

Before we may consider appellants' three points of error, we must determine whether appellants are entitled to appeal the judgment by writ of error. The Texas Rules of Appellate Procedure state that "[n]o party who participates ... in the actual trial of the case ... shall be entitled to review by the court of appeals through means of writ of error." Tex.R.App.P. Ann. 45(b) (Supp.1989); *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985). This provision is mandatory, jurisdictional, and cannot be waived. *Nutter v. Phares,* 523 S.W.2d 292, 293 (Tex.Civ.App.1975, writ ref'd n.r.e.). The extent of participation in the "actual trial" that precludes an appeal

by writ of error is a matter of degree. *Stubbs*, 685 S.W.2d at 645.

The Texas Supreme Court has emphasized that "[t]he *actual trial* of a case, as ordinarily understood by the legal profession, is the hearing in open court, leading up to the rendition of judgment, on the questions of law, if the case is disposed of on the questions of law...." *Lawyer Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096, 1097 (1941). To participate in the actual trial, "a party must participate in every step taken in the determination of the issues, including a courtroom hearing leading to the judgment rendered." *Houtex Managing General Agency, Inc. v. Hardcastle*, 735 S.W.2d 520, 521 (Tex.App. 1987, writ ref'd n.r.e.); *Phillips Petroleum Co. v. Bivins*, 423 S.W.2d 340, 343 (Tex.Civ. App.1967, writ ref'd n.r.e.). However, a party need not be present at a "final plenary trial if he participated in earlier proceedings at which his rights were determined." *Norman v. Dallas Cowboys Football Club, Inc.*, 665 S.W.2d 137, 139 (Tex.App. 1983, no writ).

 We believe appellants' participation in the telephone conference hearing as reflected in the June 20th order constituted proceedings at which their "rights were determined." *Id.* The consequent judgment rendered in accordance with the June 20th order appears to be the product of an "agreed case" pursuant to the Texas Rules of Civil Procedure. Tex.R.Civ.P.Ann. 263 (1976). Before a district court can proceed, however, Rule 263 calls for an "agreed statement of facts ... upon which judgment shall be rendered...." *Id.* Nonetheless, "[i]f the parties stipulate all the facts of an action, though they are *not in strict compliance with the rule*, the stipulation *may be treated as a submission upon an agreed statement....*" *Reed v. Valley Federal Savings & Loan Co.*, 655 S.W.2d 259, 264 (Tex.App.1983, writ ref'd n.r.e.); *Henry S. Miller v. Wood*, 584 S.W.2d 302, 303 (Tex.Civ.App.1979), aff'd, 597 S.W.2d 332 (1980). (Emphasis ours.)

Here, no statement of facts was prepared. Nevertheless, the June 20th order describes a "telephone conference *hearing*" where the district court confirmed with each party that there was "no dispute as to material facts." (Emphasis ours.) Furthermore, the order ordered the parties to comply with a briefing schedule for the determination of the sole issue, whether appellants are liable to appellee, "*regardless* of whether [appellant] Lambda received payment on all or part of the amounts claimed from the owner of the project...." (Emphasis ours.) Appellants never raised an objection to the June 20th order. In addition, they complied with the briefing schedule contained in the order.

Accordingly, we conclude, from the plain language of the unchallenged order and judgment, and from appellants' failure to challenge the language of the order or judgment, that appellants and appellee stipulated to all of the material facts of the case during a telephone hearing with the presiding judge. We note that a telephone hearing, "as ordinarily understood by the legal profession," is commonly substituted for "a hearing in open court." *See Lawyer Lloyds of Texas*, 152 S.W.2d at 1097; Tex. R.Civ.P.Ann. 166(g) (1976). The district court below apparently treated the telephone stipulation as "a submission upon an agreed statement" and rendered judgment against appellants. *Reed*, 655 S.W.2d at 264; *Henry S. Miller*, 584 S.W.2d at 303. We hold, therefore, that because appellants "participate[d] in every step taken in the determination of the issues," appeal by writ of error is not available to them. *Houtex Managing General Agency, Inc.*, 735 S.W.2d at 521; Tex.R.App.P.Ann. 45(b) (Supp.1989); *see also Stubbs*, 685 S.W.2d at 645. Consequently, we cannot consider appellants' three points of error.

The appeal is dismissed for want of jurisdiction.